Case 1:25-cr-00360-ZMF     Document 1-1

Case: 1:25-mj-00155
Assigned To: Judge Upadhyaya. Moxila A.
Assign. Date: 8/20/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On August 18, 2025, at approximately 10:08 pm, United States Park Police ("USPP") officer XXXXXXXXX XXXXXXXXX, assisted by other officers including three United States Drug Enforcement Administration ("DEA") Agents, was patrolling the area near the intersection of XX, XXXXXXXXXXXXXXXXXXXXXXXXXX.  The police cruiser was fully equipped with emergency equipment, and officer Sanchez was in full uniform and equipped with body-worn cameras. The DEA Agents were wearing protective vests and/or clothing with police insignia. Officer XXXXXX observed a white vehicle driving in reverse in the westbound lane of XXXXXXXX XXX.  The vehicle then began to drive forward and ran a red light at the intersection.

Officer XXXXXX activated his emergency equipment and conducted a traffic stop on the vehicle.  He noted that the license plate, XX XXXX XXXX, displayed a registration sticker that expired in 2024.

Officer XXXXXXX then interacted with the driver, later identified as XXXXXXXXXX XXXXXXXX XXXXXXXX, DOB XX/XX/XXXX, (who will now be referred to as D-1). D-1 admitted he did not have a driver's license.  D-1 further advised that the license plate on the vehicle he was driving did not belong to the vehicle.

Officer XXXXXXX ordered D-1 out of the vehicle and observed in a pocket of D-1 a bright green bag consistent with those issued at marijuana dispensaries. The DEA agents on scene also observed and collected a rolled marijuana cigarette behind D-1's ear.

The intersection of XXXXXX XXX XXX XXXXXXXXXXXXX XXX is on federal property, namely the National Mall.  Therefore, D-1 was in possession of contraband, to wit, marijuana, while on federal property, which is a violation of the Controlled Substances Act.  The marijuana was seized for destruction.

D-1 was arrested for driving without a valid license and operating a vehicle with tags belonging to another vehicle.  Subsequently, D-1 was transported by Officer XXXXXXX and the DEA Agents to USPP Central District Station for processing in Washington, D.C.  The vehicle was impounded.

Upon arrival at the USPP station, Officer XXXXXXX conducted a post-arrest search of D-1's person to ensure no contraband or weapons were on his person. While doing so, Officer XXXXXXX felt a bulge between D-1's groin area and right leg that felt like rocks packed together and that produced a sound consistent with plastic wrapping. To investigate further, Officer XXXXXXX sought and received approval from his supervisor to conduct a strip search of D-1.

Officer XXXXXX directed D-1 into a cell to begin the search.  Upon entering the cell, D-1 took the wrapped packet from his groin area and attempted to flush it down the toilet inside the

cell. Officer XXXXXX then attempted to restrain D-1 and stop him from destroying the item. D-1 refused to comply with verbal commands and resisted the restraining force applied by Officer XXXXXXX and the DEA Agents who took hold of D-1. During this time, D-1 struck out and hit DEA Agent XXXX XXXXXXXX in the throat area, in violation of 18 U.S.C. § 111(a)(1).

Despite his resistance, D-1 was ultimately handcuffed and brought outside the holding cell where the strip search was to have taken place. D-1 continued his resistance while being moved forcibly out of the cell, and during that movement kicked DEA Agent XXXXXX XXXXXX XXXXXXX in the leg, in violation of 18 U.S.C. § 111(a)(1).

D-1 was eventually secured and calmed down. Officer XXXXXX conducted a field test on the substance inside the wrapped packet D-1 had tried to flush down the cell toilet. The substance weighed 9.6g and tested positive for crack cocaine and MDMA; the substance was submitted to DEA for further processing and identification.

D-1 was then strip searched and incarcerated. Officer XXXXXXX then added the following additional charges for D-1: possession of a controlled substance (crack); resisting arrest; assault on a police officer; and tampering with physical evidence.

Based on the foregoing, I submit that there is probable cause to believe that D-1 violated 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any officer or employee of the United States Government while such officer or employee is engaged in or on account of the performance of official duties where the acts in violation of this section involve physical contact with the officer or employee.

Respectfully Submitted,

_____
Special Agent Garett Trombly
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 20, 2025.

_____
THE HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE